

**DYNAMIS LLP**

A Massachusetts Limited Liability Partnership

*Jamie Hoxie Solano, Esq.*

**June 23, 2026**

**VIA ECF**
The Honorable Zahid N. Quraishi
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

> **Re:**  ***Advanced Flower Capital Inc., et al., v. Bloc Dispensary LLC, et al.,*
> **Case No. 3:26-cv-7332, Letter Motion for Leave to File an Oversized
> Memorandum in Support of Motion for Preliminary Injunction, Motion for
> Expedited Briefing Schedule, and Motion for Preliminary Injunction Hearing**

Dear Judge Quraishi,

Counter-Plaintiffs Bloc Dispensary LLC, SRG 1761 North Olden LLC, SRG 1474
Prospect LLC, SRG Waretown LLC, Hayden Gateway LLC, Pier Cove LLC, SRG 272 Main
Street LLC, SRG Hi Park LLC, JG HoldCo LLC, Jon Loevy, and Michael Kanovitz (collectively,
"Counter-Plaintiffs"), by and through undersigned counsel, respectfully move this Court for: (1)
leave to file a brief in excess of the Local Rule's page limits in connection with their Memorandum
of Law in Support of Cross-Plaintiffs' Motion for a Preliminary Injunction; (2) a preliminary
injunction hearing to be scheduled prior to July 28, 2026; and (3) an expedited briefing schedule.

*First*, Counter-Plaintiffs respectfully request leave to file a brief that is 50 pages instead of
40 pages as required by Local Civil Rule 7.2.[1]  As grounds, Counter-Plaintiffs state that their
Motion for Preliminary Injunction presents particularly complex facts and legal issues, such that
additional pagination for the motion is warranted. The amount in controversy is well over $100
million, involving operating businesses and related loan and forbearance agreements with a
relevant time period spanning five years, and involves several different legal issues, including legal
concepts under the U.C.C. The history that gives rise to the present motion is complex, and
Counter-Plaintiffs bear the burden to set forth sufficient facts to  show they are entitled to
injunctive relief.  The requested 10-page extension is necessary to ensure that the relevant factual
and legal issues are thoroughly and accurately addressed.

The thoroughness of the briefing, moreover, is particularly important because of the dire
stakes for Counter-Plaintiffs. Counter-Plaintiffs knows this Court is familiar with the relationship
between the parties due to the related action pending before the Court, *Hayden Gateway LLC et*

---

[1] Given the imminence of the irreparable harm that Counter-Plaintiffs face, Counter-
Plaintiffs respectfully are contemporaneously filing their Notice of Motion for a Preliminary
Injunction, as well as the proposed Memorandum, alongside this Letter Motion. To the extent the
Court does not grant leave for Counter-Plaintiffs to exceed the page limit as requested herein,
Counter-Plaintiffs will submit in short order a memorandum that complies with whatever limits
the Court deems appropriate.

**Boston        Miami        New York        New Jersey**

The Honorable Zahid N. Quraishi
Page 2 of 2

*al. v. Advanced Flower Capital Inc. et al.*, No. 3:25-cv-2789-ZNQ-JBD. In sum, Counter-Plaintiffs are a group of borrowers who contracted with the Counter-Defendants, Advanced Flower Capital Inc. and AFC Agent LLC (collectively, "AFC"), to build cannabis factories and retail businesses in New Jersey and Pennsylvania. Despite this Court's recent Letter Order denying AFC's "Motion for Clarification" regarding the preliminary injunction the Court previously issued in the related action (Dkt. 139), AFC filed the instant lawsuit in New Jersey state court as part of its continuing campaign to destroy Counter-Plaintiffs' businesses.

Counter-Plaintiffs, having removed that action to this Court (Dkt. 1), now seek a preliminary injunction (1) enjoining AFC once again from stealing from, interfering with, or exercising any control over Counter-Plaintiffs' bank accounts, and (2) preventing AFC from conducting an extra-judicial foreclosure through a commercially unreasonable sale that violates N.Y. U.C.C. § 9, but which AFC has nonetheless scheduled for July 28, 2026 (Dkt. 2). As outlined in the memorandum, without injunctive relief, Counter-Plaintiffs' businesses will be destroyed.

*Second*, Counter-Plaintiffs respectfully request a preliminary injunction hearing be scheduled on a date convenient to the Court so that this Court can hear the preliminary injunction motion and render a decision prior to the scheduled non-judicial foreclosure sale on July 28, 2026. Counter-Plaintiffs estimate that the requested preliminary injunction hearing should last three days of live testimony.

*Third*, Counter-Plaintiffs respectfully request an expedited briefing schedule. Under the current, traditional motion calendar, the motion return date would be July 20, 2026. To permit sufficient time for a hearing and a decision prior to July 28, 2026, Counter-Plaintiffs respectfully request that Counter-Defendants file a response or opposition by July 2, 2026 and Counter-Plaintiffs file their reply by July 9, 2026.

Respectfully submitted,

*s/ Jamie Hoxie Solano*
Jamie Hoxie Solano

**Boston**          **Miami**          **New York**          **New Jersey**