901 Main Street, Suite 4120
Dallas, TX 75202
469.557.9390    469.533.1587  fax
—
New Jersey
—
New York
—
Delaware
—
Maryland
—
Florida
—
Washington, DC

**YEARS COLE SCHOTZ P.C.**

Brandon Fierro
Member
Admitted in NJ and NY

Reply to Texas Office
Writer's Direct Line: 201.525.6318
Writer's E-Mail: BFierro@coleschotz.com

June 23, 2026

**<u>VIA ECF</u>**
Hon. Zahid N. Quraishi, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> **Re:    *Advanced Flower Capital Inc. and AFC Agent LLC v. Bloc Dispensary LLC, et al.*, Case No. 3:26-cv-07332**

Dear Judge Quraishi:

This firm represents Plaintiffs Advanced Flower Capital Inc. and AFC Agent LLC (collectively, "AFC" or "Plaintiffs") in connection with the above matter, which was removed to this Court on June 18, 2026, on the purported basis of "embedded" federal question jurisdiction under 28 U.S.C. § 1331 and *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005).

As explained below, this is an improper, knee-jerk removal and transparent attempt by defaulting Borrowers[1] to get this case out of state court and slow AFC's exercise of its unfettered state law contractual remedies.  These include, among other things, the right to inspect collateral and books and records, and to commence foreclosure proceedings following a maturity default on more than $123 million in senior secured debt.  No federal question is presented on the face of AFC's Verified Complaint and the Controlled Substances Act and related federal law arguments Borrowers raise in their Notice of Removal are nothing more than ***defenses*** to the enforcement of AFC's loan agreements – not a basis for federal question jurisdiction.  Accordingly, the Court should order Defendants to show cause as to why this case should not be immediately remanded to the Superior Court of New Jersey, Chancery Division, Mercer County.

---

[1] "Borrowers" or "Defendants" are Bloc Dispensary LLC (f/k/a JG New Jersey LLC), SRG 1761 North Olden LLC, SRG 1474 Prospect LLC, SRG Waretown LLC, Hayden Gateway LLC, Pier Cove LLC, SRG 272 Main Street LLC, and SRG Hi Park LLC.

coleschotz.com

71686/0001-53459549v3

ᵞᴱᴬᴿˢ COLE SCHOTZ ᴘ.ᶜ.

Hon. Zahid N. Quraishi, U.S.D.J.
June 23, 2026
Page 2

**Background**

By way of brief background, this is a contract enforcement action filed on June 2, 2026, in Mercer County Superior Court, Chancery Division.  AFC is a secured lender that extended more than $83 million in financing to Defendants – a group of affiliated cannabis companies operating in New Jersey and Pennsylvania – pursuant to a Second Amended and Restated Credit Agreement (the "Credit Agreement") and related loan documents.  The loan matured on May 1, 2026, with at least $123 million in outstanding obligations remaining unpaid.  In the Verified Complaint, AFC asserts exclusively state law claims, including breach of the Credit Agreement (maturity default), breach of the obligation to permit inspection of collateral under Section 5.4 of the Credit Agreement, breach of the Pledge Agreement, breach of the implied covenant of good faith and fair dealing, declaratory judgment regarding Plaintiffs' rights under Article 9 of the Uniform Commercial Code, and tortious interference with prospective economic relations.  Each of these arise under state, not federal, law.

On June 18, 2026, Defendants filed a Notice of Removal (the "Notice"), which purports to remove this case to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1331.  The Notice asserts that Counts One, Four, and Seven of the Complaint "necessarily implicate[]" embedded federal issues related to the Controlled Substances Act ("CSA") and federal Anti-Money Laundering Laws.  (ECF 1, p. 3).  Specifically, Defendants contend that because the subject loan was made to cannabis companies, any adjudication of AFC's contractual rights requires a court to ultimately interpret and apply the CSA to determine the enforceability of the underlying contracts and liens.  In other words, Defendants raise as an affirmative defense to AFC's claims the alleged "illegality" of the contracts securing AFC's loan.  (ECF No. 2 (Answer), p. 15).

**This Case Does Not Fit the "Special and Small" Category Rarely Applied to "Embedded" Federal Questions**

Defendants' removal is improper because it is based entirely on federal defenses to AFC's state law claims – not on any federal question presented on the face of the Verified Complaint.  In these circumstances, federal courts cannot maintain subject matter jurisdiction and remand is required.

As the Court is aware, the well-pleaded complaint rule provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted).  "[T]he plaintiff is the master of the complaint" and "may, by eschewing claims based on federal law, choose to have the cause heard in state court."  *Id.* at 398-99.  "[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case."  *Franchise Tax Bd. of Cal. v. Constr. Labs. Vacation Tr. for S. Cal.*, 463 U.S. 1, 14 (1983).

In rare instances, however, federal courts can exercise jurisdiction over a state law claim where federal law is an "essential" element of a plaintiff's cause of action and the claim cannot be

YEARS COLE SCHOTZ P.C.

Hon. Zahid N. Quraishi, U.S.D.J.
June 23, 2026
Page 3

decided without reference to federal law. *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 162-63 (3d Cir. 2014) (reversing, directing District of New Jersey to remand to state court) (quoting, inter alia, *Grable*, 545 U.S. at 312, 315), *aff'd*, 578 U.S. 374 (2016). This so-called "*Grable*" doctrine is not a general license to remove state-law cases that may touch upon federal law or raise federal law issues. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699-701 (2006) (describing *Grable* as a "special and small category" and emphasizing that "it takes more than a federal element" to create federal-question jurisdiction); *see also Manning*, 772 F.3d at 164-65; *see also Johnson v. Mazie*, 144 F.4th 146, 152 (3d Cir. 2025) (reaffirming the "special and small category" standard and holding no federal-question jurisdiction where no issue was necessarily raised, "let alone" actually disputed and substantial). Nor does it provide jurisdiction even if federal law supplies the regulatory background for the claims, informs a defense, or may be consulted by a state court in deciding the claims. *Manning*, 772 F.3d at 162. The test is "stringent" and the removing party bears a heavy burden, with all doubts resolved in favor of remand." *Goldman v. Citigroup Glob. Mkts. Inc.*, 834 F.3d 242, 251 (3d Cir. 2016).[2]

Here, AFC's Complaint pleads straightforward state law claims for breach of contract and enforcement of security interests under Article 9 of the Uniform Commercial Code. The Complaint does not invoke federal law as the basis for relief. It does not seek a declaration that cannabis is lawful under federal (or even state) law. Nor does it ask the Court to interpret the CSA. To the contrary, AFC's claims arise from and are governed entirely by the Credit Agreement, the Pledge Agreement, and Article 9 of the UCC – all private, common law instruments that give rise to state law causes of action.

What Defendants have done is recast their own anticipated defenses – namely, that the federal CSA renders Borrowers' loan agreements unenforceable or that certain of the subject liens are void under federal drug law – as an embedded federal issue to manufacture federal question jurisdiction. But the law is long settled and binding: "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action" to support removal. *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 112 (1936). The CSA is not an element of any of AFC's claims. It is a defense Defendants wish to raise against the enforcement of those claims. Under settled and binding Third Circuit and Supreme Court precedent, it cannot be used to manufacture federal jurisdiction.

**Numerous Courts Have Rejected Defendants' Exact Tactic and Remanded Where, as Here, a Defendant Raises CSA Illegality as a Purported Defense**

The on-point authority confirms that remand is warranted because there is no subject matter jurisdiction here. In *Alter Business Advisors, LLC v. DOC App, Inc.*, 2023 WL 8457405 (M.D.

---

[2] Courts apply a four-part test to analyze embedded jurisdiction, that looks to whether the federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance. *Manning*, 772 F.3d at 162-63. Courts rarely reach the final three elements because, as is the case here, a federal issue is almost never "necessarily raised." *See id.* at 163.

YEARS COLE SCHOTZ P.C.

Hon. Zahid N. Quraishi, U.S.D.J.
June 23, 2026
Page 4

Fla. Nov. 13, 2023), for example, the court granted remand in a breach of contract case removed on the identical theory Defendants advance here, namely, that the CSA and the interplay between federal and state law regarding cannabis "embedded" a federal question in an otherwise state law complaint. The court held that "at most, these arguments are federal defenses to the breach of contract claim that do not establish a basis for this Court's jurisdiction." *Id.* at \*2 (citations omitted). It further determined that the section of the CSA relied on by Defendants "has nothing to do with the enforceability of contracts," and that the "fact [that marijuana is a controlled substance under federal law] alone . . . does not give this Court authority to adjudicate breach of contract claims that only tangentially relate to a state-sanctioned marijuana industry." *Id.* The court emphasized that the plaintiff's "breach of contract claim [does not] require interpretation of the CSA or any federal law. While the CSA could be a defense, Defendants can raise that issue in state court." *Id.*

Similarly, in *MRC44, LLC v. City of Miami*, 561 F. Supp. 3d 1288 (S.D. Fla. 2021), the court remanded a dispute involving medical marijuana dispensaries, holding that the "Plaintiffs' right to relief does not depend upon the construction or application of federal law[.]" *Id.* at 1296. The court also explained that the CSA does not create a federal cause of action and therefore cannot support removal (on illegality, preemption, or other grounds), and that any potential conflict between the CSA and state law (i) does not establish federal jurisdiction and (ii) may be resolved in state court. *Id.* at 1291-92, 1296-98.

The same analysis applies here with equal or greater force. AFC's Verified Complaint is a straightforward secured lending enforcement action, filed by the senior lender upon an absolute maturity default. Plaintiffs seek to enforce their contractual rights to inspect collateral and books and records, declare a maturity default, conduct an Article 9 foreclosure, and pursue attendant tort remedies – all claims under state law. The CSA and the question of contract illegality are defenses that Defendants wish to assert, not elements of Plaintiffs' claims. *See* CPLR 3018(b); *Nat'l Recovery Sys. v. Mazzei*, 475 N.Y.S.2d 208, 209 (Sup. Ct. 1984) (stating "the presumption is that contracts are legal (and enforceable) and illegality is a defense to be pleaded unless it appears on the face of the complaint." Just as in *Alter Business Advisors* and *MRC44*, those defenses do not convert this state law action into one "arising under" federal law for purposes of § 1331.

*PharmaCann Penn, LLC v. BV Development Superstition RR, LLC*, 318 F. Supp. 3d 708 (E.D. Pa. 2018) – which the Notice of Removal relies on heavily (ECF No. 1, pp. 16, 18-19) – is the exception that proves the rule. In *PharmaCann*, the plaintiff itself affirmatively asked the court to weigh in on the legality of its marijuana dispensary, seeking a declaration that its proposed dispensary was not "unlawful" under a deed restriction, a question that, by the plaintiff's own framing, required the court to interpret whether the dispensary violated the CSA. *Id.* at 712. As the court explained, "PharmaCann seeks a court's declaration that its marijuana dispensary is lawful, which ***requires*** a court to apply federal law to PharmaCann's chosen use." *Id.* (emphasis added). This was an indisputable and direct nexus, created by the Plaintiff itself, between the ultimate relief sought and federal cannabis regulations – based on its own pleading, the *plaintiff* asked the court to weigh in on federal illegality as an "essential" element of its requested relief. *See id.* (concluding that a court "must consider and ultimately apply federal law for PharmaCann to get the relief it seeks").

71686/0001-53459549v3

YEARS COLE SCHOTZ P.C.

Hon. Zahid N. Quraishi, U.S.D.J.
June 23, 2026
Page 5

Here, by contrast, AFC can secure the "relief it seeks" without any resort to an analysis of the CSA or other federal law about the legality (or not) of contracts related to cannabis. Defendants may try to *prevent* such relief with reference to federal law, but that is a fundamentally different posture from *PharmaCann*, and it does not support federal question jurisdiction. Borrowers are not allowed to "embed" of their own accord federal questions into AFC's own Complaint to manufacture jurisdiction. If the opposite were true, of course, it would open the otherwise narrow door to federal court to any clever defendant wishing to avoid state court by invoking the specter of federal law and undermine the well-pleaded complaint rule by making a party other than the plaintiff the "master" of the complaint.

* * *

In these circumstances, there should be no need for AFC to file a formal motion to remand. Federal courts have an independent obligation to address issues of subject matter jurisdiction and may do so at any stage of the litigation. *Bracken v. Matgouranis*, 296 F.3d 160, 162 (3d Cir. 2002). And courts in this District often order the party removing to show cause as to whether subject matter jurisdiction exists as a way of fulfilling the threshold jurisdictional inquiry. *See, e.g.*, ECF No. 10 in *Connors v. Hixon*, No. 22-cv-07027-KM-JSA (D.N.J. Dec. 16, 2022) (Order to Show Cause Why This Case Should Not be Remanded for Lack of Subject Matter Jurisdiction) (Allen, M.J.).

Moreover, there is an acute need for prompt resolution of the threshold jurisdictional question. Defendants have abjectly refused to comply with their contractual obligations, including (most critically) refusing even in the face of a maturity default to compile their books and records and allow for unfettered inspection of real estate by their secured lender. To remedy these flagrant breaches, AFC has moved by way of order to show cause for a preliminary injunction preventing Defendants from interfering with AFC's contractual rights (to, among other things, permit inspection of real estate collateral and books and records). (*See* Exhibit A hereto (Memorandum in Support of OTSC)). That motion was pending and being scheduled to be heard by Judge Bouer in the Chancery Division, Mercer County, when Borrowers noticed this improper removal. AFC has also commenced a foreclosure sale by way public auction pursuant to Article 9 of the Uniform Commercial Code, which sale is scheduled for July 28, 2026. This removal was plainly filed to delay the very injunctive relief AFC was on the verge of obtaining in state court, and meddle with the Article 9 sale to support an ultimate argument that such a sale is not "commercially reasonable."[3] Every day this case remains in federal court improperly is a day AFC cannot obtain the urgent relief it seeks in the forum it properly selected.

As such, AFC respectfully requests that the Court order Defendants to show cause why this case should not be remanded for lack of subject matter jurisdiction. Should the Court decline to

---

[3] Indeed, Defendants have now filed counterclaims challenging the commercial reasonableness of the forthcoming Article 9 sale, (ECF No. 2, pp. 58-61), and are in the process of filing for a preliminary injunction challenging the sale. (ECF No. 7).

71686/0001-53459549v3

YEARS COLE SCHOTZ P.C.

Hon. Zahid N. Quraishi, U.S.D.J.
June 23, 2026
Page 6

do so, AFC intends to file a prompt motion to remand and seek fees and costs under 28 U.S.C. § 1447(c).

We thank the Court for its time and continued attention to this matter and are available at the Court's convenience to answer any questions or discuss any issues.

Respectfully submitted,
COLE SCHOTZ P.C.
*Attorneys for Plaintiffs*

By: /s/ *Brandon Fierro*
      Brandon Fierro

BF:klp

cc:     All Counsel of Record (via ECF)

71686/0001-53459549v3