

Brandon Fierro
Member
Admitted in NJ and NY

Writer's Direct Line: 201.525.6318
Writer's E-Mail: BFierro@coleschotz.com

New Jersey
—
New York
—
Delaware
—
Maryland
—
Florida
—
Washington, DC

June 26, 2026

**VIA ECF**
Hon. Zahid N. Quraishi, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

> **Re:** ***Advanced Flower Capital, Inc. and AFC Agent, LLC v. Bloc Dispensary LLC, et al.*, Case No. 3:26-cv-07332**

Dear Judge Quraishi:

This firm represents Plaintiffs Advanced Flower Capital, Inc. and AFC Agent, LLC (collectively, "AFC" or "Plaintiffs") in connection with the above matter. As we have previously explained (ECF No. 10), this case was improperly removed from the Superior Court of New Jersey, Chancery Division, Mercer County, and should be remanded pursuant to 28 U.S.C. § 1447 for lack of subject matter jurisdiction. The Court has ordered briefing to be complete on this dispositive, threshold issue by 9 a.m. on July 1, 2026. We write briefly to address two issues for the Court's consideration should Your Honor decline to remand and the presently scheduled preliminary injunction hearing goes forward.

First, and as the Court is aware, when this case was removed Plaintiffs had filed a motion with Judge Bouer in the Mercer County Chancery Division, seeking an order to show cause for a preliminary injunction (the "First Filed PI"). (*See* ECF No. 1-3 at 299-714). The First Filed PI seeks to prevent Defendants from interfering with AFC's rights under the parties' Credit Agreement and other security instruments – to, among other things, permit inspection of real estate collateral and books and records – in advance of the currently scheduled July 28, 2026 UCC Article 9 foreclosure (the "UCC Sale"). AFC's motion, and all papers in support, have been filed in this matter as an exhibit to the Notice of Removal (as required by 28 U.S.C. § 1446(a) and the Local Civil Rules of this District). (ECF No. 1-3 at 299-714).

71686/0001-53503315v2

100 YEARS COLE SCHOTZ P.C.

Hon. Zahid N. Quraishi, U.S.D.J.
June 26, 2026
Page 2

Should the Court decline to remand, Plaintiffs intend to refile the First-Filed PI[1] and respectfully request that it be heard at the same time as Defendants' motion for a preliminary injunction ("Defendants' PI"), and to be addressed first. Because the Court has already directed the parties to submit a joint stipulation by June 29 setting the briefing schedule on Defendant's PI, the efficient course is for that same stipulation to provide a parallel, balanced schedule covering both applications. Both the First Filed PI and Defendants' PI concern the same loan, the same credit agreements, and many of the same legal issues. To the extent the Court decides that Defendants' meritless[2] attempt to block the UCC sale should be heard on an expedited timeframe, the same logic applies to Plaintiffs' application, which seeks to facilitate that sale. The First-Filed PI is also much narrower in scope than Defendants' PI, because (among other things) it merely seeks modest access and information rights that are expressly provided in the parties' credit agreements. Defendants would not be prejudiced by both applications being heard simultaneously. Defendants have had the motion since June 16, and will thus have had far more time to prepare a response than AFC will be provided to respond to Defendants' fifty-page brief and voluminous witness statements.

Second, AFC's counsel respectfully requests a brief, two-day adjournment of the presently scheduled July 14, 2026 hearing to July 16, 2026, if the case is not remanded. Plaintiffs' lead counsel at Quinn Emanuel Urquhart & Sullivan, who have moved to appear *pro hac vice* (*see* ECF Nos. 12-14), will be abroad on a long-planned, prepaid family vacation in July and is scheduled to return home on July 15. Given Defendants' delay in seeking injunctive relief – they waited more than five weeks to challenge the UCC Sale after it was noticed on May 14 – AFC's modest request for a two-day adjournment will not delay any matter of consequence. Nor will a brief continuance prejudice Defendants, because the UCC Sale that is the subject of Defendants' PI is not scheduled until July 28. Plaintiffs are of course mindful of the Court's busy calendar and would readily accommodate any other date after July 16 that is convenient to the Court and Defendants' counsel.

We thank the Court for its time and continued attention to this matter.

Respectfully submitted,
COLE SCHOTZ P.C.
*Attorneys for Plaintiffs*

---

[1] Out of an abundance of caution, AFC will also provide at that time a Local Rule 65.1(a) affirmation of emergency, insofar as the First Filed PI sought an order to show cause why a preliminary injunction should not issue.

[2] This is of course not the forum to adjudicate Defendants' PI, nor should the Court ever need to do so, because of the patent lack of subject matter jurisdiction. As AFC will detail in its briefing should the court elect to retain jurisdiction, however, governing New York law does not allow for injunctive relief to prevent a UCC sale where, as here, Defendants' interest "is commercial, involving only the potential loss of their investment." *Speyside Holdings, LLC v. Nebari Nat. Res. Credit Fund I, LP*, 243 A.D.3d 714, 716 (2d Dep't 2025). This is loss that "could be compensated by money damages" and cannot qualify as "irreparable injury[.]" *Id.*

100 YEARS COLE SCHOTZ P.C.

Hon. Zahid N. Quraishi, U.S.D.J.
June 26, 2026
Page 3

By: /s/ *Brandon Fierro*
Brandon Fierro

BF:klp

cc:    All Counsel of Record (via ECF)

71686/0001-53503315v2