<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ADVANCED FLOWER CAPITAL, INC.,** *et al.*, | |
| Plaintiffs/Counter-Defendants, | |
| v. | Civil Action No. 26-7332 (ZNQ) (JBD) |
| **BLOC DISPENSARY LLC,** *et al.*, | |
| Defendants/Counter-Plaintiffs, | **OPINION** |
| and | |
| **JG HOLDCO LLC,** *et al.*, | |
| Counter-Plaintiffs. | |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon Bloc Dispensary LLC, SRG 1761 North Olden LLC, SRG 1474 Prospect LLC, SRG Waretown LLC, Hayden Gateway LLC, Pier Cove LLC, SRG 272 Main Street LLC, and SRG HI Park LLC's ("Counter-Plaintiffs") Motion for a Preliminary Injunction ("Motion," ECF No. 8) and Advanced Flower Capital Inc. and AFC Agent LLC's ("Plaintiffs") informal letters raising a challenge to the Court's subject matter jurisdiction (ECF Nos. 9, 10).  On June 24, 2026, Counter-Plaintiffs were ordered to Show Cause as to why this matter should not be dismissed for lack of subject matter jurisdiction.  (ECF No. 11.)  Counter-Plaintiffs filed a Memorandum in Response to the Order to Show Cause.  ("Memorandum," ECF No. 20.)  Plaintiffs filed a letter brief in Reply.  ("Opp'n," ECF No. 22.)

1

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Motion will be **DENIED AS MOOT**. Plaintiffs' request for remand will be **GRANTED**.

## I.   BACKGROUND AND PROCEDURAL HISTORY

### A.   THE PARTIES

Plaintiff Advanced Flower Capital ("AFC") is a corporation organized and existing under the laws of Maryland with its principal place of business in Florida. ("Compl.," ECF No. 1, Ex. B ¶ 13.) Plaintiff AFC Agent LLC is a Delaware limited liability company with its principal place of business in Florida. (*Id.* ¶ 14.)

Counter-Plaintiff Bloc Dispensary LLC ("Bloc") is a limited liability company organized and existing under the laws of New Jersey. (*Id.* ¶ 15.) Bloc owns and operates cannabis cultivation facilities, manufacturing facilities, and dispensaries in New Jersey. (*Id.*)

### B.   THE CREDIT AGREEMENT

In April 2021, Plaintiffs agreed to lend Counter-Plaintiffs up to $75.4 million to build and operate cannabis cultivation facilities and dispensaries. (*Id.* ¶ 4.) The loan is governed by the Second Amended and Restated Credit Agreement, dated September 30, 2021, as subsequently amended (the "Credit Agreement") and several subsequent forbearance agreements executed in September 2023 and March 2024 (the "Forbearance Agreements"). (*Id.*) To secure the loan, Counter-Plaintiffs pledged their real property and operating asserts at several facilities in New Jersey and Pennsylvania. (*Id.*) Counter-Plaintiffs' loan was scheduled to mature on May 1, 2026. (*Id.* ¶ 2.)

**C.      THE ALLEGED DEFAULT**

Under the Credit Agreement, Counter-Plaintiffs agreed to allow Plaintiffs to inspect the collateral properties, examine books and records, and conduct appraisals until all of Counter-Plaintiffs' obligations are paid in full. (*Id.* ¶ 5.) As the May 1, 2026 maturity date approached, Plaintiffs attempted to schedule an inspection of the collateral to assess its condition and facilitate a foreclosure sale. (*Id.* ¶ 6.) Counter-Plaintiffs refused to cooperate with Plaintiffs. (*See id.*)

**D.      NEW JERSEY STATE COURT ACTION**

Plaintiffs commenced this action on June 2, 2026, in the Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. MER-C-37-26. (*See generally id.*) Plaintiffs seek, among other relief, enforcement of their rights in the collateral and declaratory relief as to: (1) their contractual right to access and inspect collateral; (2) Counter-Plaintiffs' obligation to make such collateral available and refrain from interference; (3) Plaintiffs' ability to conduct a commercially reasonable disposition; and (4) Plaintiffs' entitlement to exercise contractual remedies upon default. (*Id.* ¶ 25.) The Complaint alleges: three breach of contract claims; two declaratory judgment claims; one breach of the implied covenant of good faith and fair dealing claim; and one tortious interference with prospective economic advantage claim. (*See generally id.*)

**E.      PARALLEL LITIGATION BEFORE THE THIRD CIRCUIT**

This action is closely related to *Hayden Gateway, et al. v. Advanced Flower Capital, et al.*, Civ. No. 25-2789 (D.N.J.). In that case, Plaintiffs moved before this Court for "clarification" that the "[Preliminary Injunction] Order does not limit AFC's right to exercise its contractual rights and remedies if [Counter-]Plaintiffs fail to pay their loan in full when the loan matures." (*Id.*, Dkt. No. 135-1.) Plaintiffs appealed this Court's related decision before the Third Circuit. At oral

argument, the Third Circuit focused on the question of "whether a federal court may enforce an agreement that involves activities that violate federal law." (*Hayden Gateway, et al. v. Advanced Flower Capital, et al.*, Civ. No. 25-2061 (3d Cir.), Dkt. 45.)

After oral argument, Plaintiffs moved before the Third Circuit to dismiss their own appeal, claiming that it was moot. (*See id.*, Dkt. 61.) Counter-Plaintiffs contend that the appeal is not moot. (*See id.*, Dkt. 62 at 11–22.) Regardless, as of this date, the Third Circuit has not issued a decision related to the pending appeal.

**F.    PROCEDURAL HISTORY – FEDERAL COURT**

Counter-Plaintiffs removed this action to this Court on federal question jurisdiction related to the Controlled Substances Act, 21 U.S.C. § 801, *et seq.* (the "CSA"), which they argue is implicated in Counts One, Four, and Seven of the Complaint. ("Notice of Removal," ECF No. 1 ¶ 4.)

On June 23, 2026, Counter-Plaintiffs filed a Motion for Preliminary Injunction. (ECF No. 8.) In response, Plaintiffs filed informal letters raising a challenge to this Court's subject matter jurisdiction. (*See* ECF Nos. 9, 10.) After reviewing these materials, this Court ordered Counter-Plaintiffs to Show Cause as to why this matter should not be dismissed for lack of subject matter jurisdiction. (*See* ECF No. 11.)

**II.    LEGAL STANDARD**

Federal Courts are of limited jurisdiction and shall only hear cases to which Congress has specifically extended jurisdiction over the subject matter. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. The presence

4

of a federal issue in a state claim, however, does not automatically confer federal question jurisdiction. *See Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

Once an action is removed, a party may challenge removal by requesting to remand the case back to state court. *Id.* A case that is removed shall be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Removal on such basis is generally subject to the well-pleaded complaint rule, and thus federal courts are obligated to "strictly construe the removal statutes against removal and resolve any doubts in favor of remand." *Entrekin v. Fisher Sci. Inc.*, 146 F. Supp. 2d 594, 604 (3d Cir. 2001) (internal citations omitted).

## III.   **DISCUSSION**

Plaintiffs assert that the Court lacks subject matter jurisdiction because the Complaint pleads a secured-lending dispute governed entirely by state law. (*See* Opp'n at 1.) Moreover, Plaintiffs contend that the Complaint does not request an interpretation of the CSA, a declaration that any conduct be deemed lawful or unlawful under federal law, nor a resolution by this Court of any federal question. (*See id.*) In response, Counter-Plaintiffs argue that this Court has federal question jurisdiction and supplemental jurisdiction over all claims. (*See* Memorandum at 9–25.) Specifically, Counter-Plaintiffs argue that this Court has subject matter jurisdiction because all claims in the Complaint are embedded in the CSA, as Plaintiffs are pursuing collateral that consists of cannabis, which remains a controlled substance under federal law. (Notice of Removal ¶ 31.) Counter-Plaintiffs' argument relies entirely on the doctrine articulated in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005).

The *Grable* doctrine is an exception to the "well pleaded complaint" rule and circumscribes that "[f]ederal jurisdiction over a state law claim will lie if a federal issue is: (1)

5

necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 163 (3d Cir. 2014), *aff'd*, 578 U.S. 374 (2016) (citation omitted). The *Grable* doctrine applies to "'a special and small' category of cases." *MHA LLC v. HealthFirst, Inc.*, 629 F. App'x 409, 412 (3d Cir. 2015) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)). "[T]he Supreme Court has distinguished cases such as *Grable* that present a 'nearly pure issue of law' that would govern numerous other cases, from those that are 'fact-bound and situation specific.'" *Id.* at 413 (quoting *Empire Healthchoice Assurance*, 547 U.S. at 700–01); *see also Par. of Plaquemines v. Chevron USA, Inc.*, 7 F.4th 362, 375 (5th Cir. 2021) ("[F]ederal question jurisdiction under *Grable* is only appropriate when a case presents a nearly pure issue of law—and not . . . where the case is fact-bound and situation-specific.") (internal citation and quotation marks omitted).

"[T]he Supreme Court has 'confined federal-question jurisdiction over state-law claims to those that really and substantially involve a dispute or controversy respecting the validity, construction or effect of federal law.'" *Cnty. of Lehigh v. Atl. Richfield Co.*, Civ. No. 18-5140, 2019 WL 2371783, at *2, *aff'd*, 795 F. App'x 111 (3d Cir. 2020) (quoting *Grable*, 545 U.S. at 313 (internal quotation marks and brackets omitted)). The Third Circuit has stated that "[t]he prototypical case of *Grable* jurisdiction is one in which the federal government itself seeks access to a federal forum, an action of the federal government must be adjudicated, or where the validity of a federal statute is in question." *MHA LLC*, 629 F. App'x at 413 n.6 (3d Cir. 2015) (citing *Gunn v. Minton*, 568 U.S. 251, 260 (2013)). Consequently, there is a high bar for cases to be removed under *Grable*.

Counter-Plaintiffs' reliance on the *Grable* doctrine for subject-matter jurisdiction is misplaced because they have failed to establish that Plaintiffs' claims "necessarily raise" a federal issue. Under *Grable*, a federal issue is "necessarily raised" if "vindication of a right under state law [ ] necessarily turn[s] on some construction of federal law." *Manning*, 772 F.3d at 163 (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 9 (1983)). This occurs if "a determination of federal law [is] an essential element of the plaintiff's state law claim." *Manning*, 772 F.3d at 163 (quoting *Smith v. Kansas City Title & Tr. Co.*, 255 U.S. 180 (1921)). However, if the state law claims "could rise or fall entirely based on the construction of state law," the complaint does not "necessarily raise" federal issues. *Manning*, 772 F.3d at 165.

Here, the claims in the Complaint sound entirely in state contract law (Counts One, Two, Three, Four, and Five), state tort law (Count Six), and state statutes (Count Seven). These claims are entirely related to the repayment of Plaintiffs' loan to Counter-Plaintiffs and seek to compel Counter-Plaintiffs to abide by the terms of the agreements between the parties. Federal law is not an essential element in any of the claims in the Complaint, which simply asserts state law causes of action. Critically, no essential element of the Complaint includes, incorporates, or implicates federal law. In other words, the claims can be adjudicated with reference to New Jersey state law alone. Because all of Plaintiffs' claims can be decided without reference to or construction of federal law, the Complaint does not "necessarily raise" federal issues under *Grable*. *See Manning*, 772 F.3d at 163 (explaining that federal law was not necessarily raised because the requirements of a federal regulation were "not an element of any of Plaintiffs' claims' and '[t]he claims, therefore, could be decided without reference to federal law.'").

Counter-Plaintiffs argue that Plaintiffs seek "a judicial declaration that they have valid liens in . . . cannabis-related property" and "seek the express imprimatur of a court as to the legality of their actions aimed at facilitating [their] seizure and sale of cannabis[-]related property." (Memorandum at 14.)  Counter-Plaintiffs, however, misconstrue Plaintiffs' claims.  Plaintiffs are not requesting a court to declare that they have a valid interest in cannabis-related property, nor are they requesting a court to approve efforts to seize or sell cannabis-related property.  Although Count Seven seeks a declaration that Plaintiffs are "secured parties under N.J.S.A. 12A:9-610 to take all actions necessary to prepare for and conduct a commercially reasonable disposition of the [c]ollateral, free from interference by [Counter-Plaintiffs]," and Count Four seeks a declaration that Plaintiffs are entitled to appoint a receiver, the agreements between the parties expressly exclude from the collateral any property in which Plaintiffs are prohibited from holding a security interest under the CSA.  As such, the Complaint does not raise an issue regarding Plaintiffs' interest in cannabis or any property the CSA bars them from expressing an interest in.

Counter-Plaintiffs next argue that the Court must first determine what property is and is not subject to the loan's carve out provision.  However, Counter-Plaintiffs ignore that the Complaint does not request this relief.  Plaintiffs do not seek the Court's guidance as to what falls within the CSA and what does not.  Plaintiffs merely seek to enforce their rights in the collateral and to prevent Counter-Plaintiffs from obstructing Plaintiffs' efforts.  As Plaintiffs note, the "theoretical possibility" that a dispute over what property falls within the definition of "collateral" as per the parties' agreements is not enough to provide a basis for this Court to exercise federal jurisdiction because the Supreme Court of the United States has rejected the notion that the "mere need to apply federal law in a state-law claim will suffice to open the 'arising under' door."

*Grable*, 545 U.S. at 313.  (*See also* Opp'n at 3 (quoting *Genelink Biosciences, Inc. v. Colby*, 722 F. Supp. 2d 592, 598 (D.N.J. 2010).)

In their Show Cause Memorandum, Counter-Plaintiffs list eleven "federal issues under the CSA and money laundering laws" they assert must be resolved before a court can declare Plaintiffs' rights in the collateral.  (Memorandum at 15–16.)  Each of the eleven bullet points is a restatement of Counter-Plaintiffs' argument that any agreement between the parties is unenforceable as the agreement is unlawful under federal law.  Of course, a federal question *may* enter this case—but as an illegality defense, not through the Complaint itself.  A federal question that arises only in connection with an affirmative defense does not form a basis for federal question jurisdiction.  *Franchise Tax Bd. of State of Cal.*, 463 U.S. at 14 ("[E]ven if both parties admit that the defense is the only question truly at issue in the case[,]" removal is not warranted.).

Counter-Plaintiffs rely heavily on an out-of-district decision, *PharmaCann v. BV Development Superstition RR, LLC*, 318 F. Supp. 3d 708. (E.D. Pa. 2018).  As an initial matter, this decision is not binding upon this Court.  Regardless, the plaintiff in *PharmaCann* sought a declaration that its operation of a dispensary was not a federally "unlawful" use under a deed.  *Id.* at 712.  As such, the court in *PharmaCann* had to address the dispensary's legality under federal law, something that does not need to be done here.  And, as Plaintiffs articulate in their Opposition, *PharmaCann* is an outlier.  (Opp'n at 4 (citing *Mansour v. City of Jersey City*, 2024 WL 5301742, at *3–9 (D.N.J. Dec. 20, 2024) (remanding state-law claims concerning cannabis where defendants had invoked CSA illegality to remove), *report & recommendation adopted*, 2025 WL 3313015 (D.N.J. Feb. 13, 2025); *Alter Business Advisors, LLC v. DOC App, Inc.*, 2024 WL 2991080, at *2 (M.D. Fla. June 14, 2024) (remanding breach of contract action removed on the theory that the CSA "embedded" a federal question); *MRC44, LLC v. City of Miami*, 561 F. Supp. 3d 1288, 1294,

9

1296, 1298 (S.D. Fla. 2021) (remanding marijuana-dispensary dispute and holding that the CSA "does not provide a federal cause of action," that plaintiffs' "right to relief does not depend upon the construction or application of federal law," and that any conflict between the CSA and state law "is an issue properly left to state courts to resolve"); *cf. Connecticut v. RZ Smoke, Inc.*, 2024 WL 4501037, at *2–4 (D. Conn. Oct. 16, 2024) (remanding cannabis-hemp consumer-protection action because the purported federal question regarding the definition of "hemp" under federal law was "a defense" and a "federal law defense does not support removability").)

Because "[n]o essential element of Plaintiffs' claims include, incorporate, or implicate federal law" and because the "claims can be adjudicated with reference to New Jersey state law alone," the Compliant does not "necessarily raise" a federal issue. *Mansour*, 2024 WL 5301742, at *4–5. The CSA "is best characterized as a defense to Plaintiffs' claims . . . but such a defense is insufficient to confer *Grable* jurisdiction." *Id.* at *5. Accordingly, the Court finds that Counter-Plaintiffs have not met their burden of showing *Grable* removal is warranted here.[1]

---

[1] Counter-Plaintiffs allege that there is "complete diversity here" and thus, while AFC had the right to file its case in state court, it was subject to Counter-Plaintiffs' "statutory right to remove." (*See* Memorandum at 3 n.2). Even though Plaintiffs concede complete diversity is present here, the forum defendant rule, 28 U.S.C. § 1441(b)(2), precludes removal on that basis because certain Counter-Plaintiffs, including Bloc, are New Jersey citizens. Thus, there is no other basis (on diversity grounds or otherwise) for this Court to retain jurisdiction.

## IV.    CONCLUSION

For the reasons stated above, the Court will **REMAND** this case to the Superior Court of New Jersey, Mercer County, Chancery Division.    Counter-Plaintiffs' Motion for Preliminary Injunction will be **DENIED AS MOOT**.    An appropriate Order will follow.

Date: July 7, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**